NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------
George Riley, et. al,                       :
                                            :
    Plaintiffs,                          :  Civ. No. 06-0331 (DRD)
                                            :
    v.                                   :
                                            :
Devon Brown, et. al,                        :  **O P I N I O N**
                                            :
    Defendants.                          :
                                            :
------------------------------------------------------

George Riley
James J. Krivacska
Paul Cornwell
Vincent Macrina
William F. Vansciver
Richard A. Gibbs
Peter Braun
ADULT DIAGNOSTIC & TREATMENT CENTER
8 Production Way
Avenel, NJ 07001

*Pro se Plaintiffs*


Zulima V. Farber
Attorney General of New Jersey
Victoria L. Kuhn
Deputy Attorney General
Susan M. Scott
Deputy Attorney General
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625

*Attorneys for State Defendants Devon Brown and William Plantier*

1

**DEBEVOISE, Senior District Judge**

Plaintiffs, George Riley, James J. Krivacska, Paul Cornwell, Vincent Macrina, William F. Vansciver, Richard A. Gibbs, and Peter Braun, who are state inmates currently housed in the Adult Diagnostic and Treatment Center ("ADTC") in Avenel, New Jersey, filed a complaint against Defendants, Devon Brown, Commissioner of the New Jersey Department of Corrections ("DOC"), William Plantier, Director of Operations for the DOC, and various John Does, employees of the DOC, claiming that Defendants denied them certain constitutional rights and unlawfully discriminated against them by failing to protect them from other state inmates during visits to other facilities for medical treatment and legal proceedings. In an order dated March 16, 2006, the court issued a preliminary injunction compelling Defendants to employ certain measures to safeguard Plaintiffs' constitutional rights.

Subsequently, the parties filed the following motions: Plaintiffs' motion to postpone the automatic stay of the current preliminary injunction; Plaintiffs' motion for a second preliminary injunction; Defendants' motion to terminate, or in the alternative, modify the preliminary injunction; and Defendants' motion to seal various confidential documents. Each of those motions, except Defendants' motion to seal, is addressed in a contemporaneous opinion that grants Plaintiffs' motion for a second preliminary injunction and dismisses the other two motions because they are moot.

For the reasons set forth below, Defendants' motion to seal will be granted.

## I. BACKGROUND

The facts of this case are detailed in a separate opinion and need not be repeated in detail

here. Generally, Plaintiffs' complaint alleges that the conditions in which they are transported to and held in other facilities are unsafe. In response to those motions, Defendants have submitted various exhibits detailing the operating procedures of the DOC. Specifically, Exhibit A to the Affidavit of Loretta Brancato contains the Central Transportation Standard Operating Procedures. Exhibits R and S to the Affidavit of Melissa Mathews contain the ADTC's Policy and Procedure on the Processing of Incident Reports, and the Emergency Procedures, respectively. Exhibit A to the Affidavit of Jon Hall contains the Emergency Plan Manual - Emergency Response Codes for Garden State Correctional Facility.

## II.  DISCUSSION

**Standard of Review**

L. Civ. R. 5.3(c)(2) states the following:

[a]ny motion to seal . . . shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

**Nature of the materials at issue**

Defendants state that the materials at issue describe the procedures for the daily operations of the prisons and transportation of inmates as well as the procedures for responding to emergent or extraordinary situations.

**Private or public interests**

Defendants assert that it is necessary to seal the materials at issue in order to protect the safety and security of the institutions described therein. Certainly, prison safety is a legitimate

interest.

**Injury**

  As to the injury that would result if this motion is not granted, Defendants state that disclosing the materials at issue "would jeopardize the secure and safe operation of the Department of Corrections Institutions and the safety of the persons therein." (Defs.' Reply Br. at 4). Such detailed accounts of internal prison procedures could provide prisoners with information that could be used to the detriment of both prison officials and other prisoners. Thus, the potential injury is great.

**Less restrictive alternative**

  Defendants state that there is no less restrictive alternative to sealing the aforementioned documents as disclosing any of the material contained therein would be harmful.

## CONCLUSION

  For the reasons set forth above, Defendants' motion to seal the aforementioned documents is granted.

/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:  June 20, 2006